THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. **20-40042**

MICHAEL LOCONTO
                Plaintiff

v.

DEPARTMENT OF TRANSITIONAL ASSISTANCE
                Defendant

## COMPLAINT
### (Jury Trial Demanded)

The Plaintiff, Michael Loconto (hereafter "Loconto") hereby submits this Complaint against the Defendant by and through his attorney Gregg S. Tarayan, Esq., and states as follows:

### INTROCUCTION

1. Loconto brings this action against the defendant, The Commonwealth of Massachusetts Department of Transitional Assistance (hereafter "Employer" or "DTA") for age discrimination, retaliation, and breach of contract, and for Loconto's discriminatory, retaliatory, and wrongful employment termination in 2019.

### PARTIES

2. Plaintiff Loconto is an individual, over the age 40, residing in Grafton, Worcester County, Massachusetts.

3. Defendant Department of Transitional Assistance is an agency of the Commonwealth of Massachusetts with a principal office at 600 Washington Street, Boston, Suffolk County, Massachusetts 02111.

### JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b)(the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

5. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1391(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about May 14, 2018 Loconto filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD").

7. The U.S. Equal Employment Opportunity Commission (hereafter "EEOC") had adopted MCAD's final decision, and issued its DISMISSAL AND NOTICE OF RIGHTS on or about January 15, 2020 which the plaintiff received in the mail on or about January 20. 2020.

## STATEMENT OF FACTS

8. Loconto was employed continuously by DTA at its Worcester, MA office as a Cash Worker / Benefit Eligibility and Referral Social Worker C ("Cash/BERS") for over 27 years.

9. During all relevant times Loconto was over the age of forty, and DTA was an employer subject to the provisions of ADEA.

10. Loconto was involuntarily suspended without pay on or about February 27, 2018, and his employment was terminated by DTA on or about April 26, 2019.

11. During all relevant times, Loconto always satisfactorily performed his duties that met or exceeded DTA's performance standards.

12. At all relevant times, DTA and the Service Employees International Union, Local 509 Union ("Union), were parties to a collective bargaining agreement ("CBA").

13. At all relevant times, Loconto was a member of Union in good standing and subject to the CBA.

14. Carlos Resto ("Resto"), who is in his thirties, is the Assistant Director at the DTA Worcester office, and at all relevant times he was Loconto's manager.

15. From December of 2014, when Resto assumed a key role in the management of the DTA Worcester office, through his termination, Loconto's performance continued to meet or exceed DTA's performance standards.

16. Despite Loconto's continued good performance, Resto embarked on a campaign to discredit his good work as being inefficient with respect to his case load and intakes (walk-in clients).

17. Resto was aware that Loconto was receiving a significantly higher and more complex case load as compared to all other case workers.

18. Loconto and Resto had frequent meetings where Resto declared Loconto's performance was substandard yet Loconto continued to receive above-standard ratings and reviews as a matter of record up to 2017.

19. In accordance with Resto's private policy and management style, the occurrence and substance of these meetings never became a part of Loconto's employee file.

20. In fact, Loconto's performance has increased as he successfully processed his increased case load by continuing to meet the deadlines imposed in prior years with substantially lower case loads.

21. Loconto processed his case load with "exemplary" attention to detail.

22. On or about August 10, 2017 DTA prepared Employee Performance Review Form ("EPRS") which for the first time in his entire 27 year career alleged that Loconto's performance was in any manner substandard.

23. Despite the fact that the August 10, 2017 EPRS Review attributes poor performance, the rationale cited for the poor performance revealed a bias against Loconto and corroborated his disparate treatment at DTA.

24. In retaliation for exposing this bias, DTA targeted Loconto with an involuntary leave of absence, and ultimately terminated his employment.

25. Despite Loconto's repeated and overwhelming evidence presented at all of the February, 2018 meetings, Resto persisted in the "correction" of Loconto's poor performance, and Loconto requested for time management training.

26. On February 26, 2018, Loconto attended what was scheduled as, and what he thought was, a time management training session.

27. Instead, the meeting was an orchestrated prelude to his unannounced and unanticipated forced suspension from work on the following day.

28. In fact, Loconto returned to work on the afternoon of February 26th

29. Loconto reported to work the morning of the 27th as usual.

30. However, without prior notice he was all of a sudden placed on an involuntary leave of absence and escorted by security out of the workplace in the presence of his coworkers.

31. On or about March 2, 2018 Loconto received a letter from DTA outlining the reasons of

his involuntary and unpaid placement on leave of absence by referencing his conduct at the February 26, 2018 meeting in an attempt to mischaracterize the disparate treatment and operate as the pretextual reason for his forced leave of absence, and eventual termination.

32. The March 2, 2018 letter ("Letter") invoked Article 8 Section 1(N) of the CBA in that Loconto was placed on leave due to DTA's arbitrary assessment that Loconto is mentally unfit.

33. The Letter advised Loconto that, in order to return to work, he must "undergo a full medical/psychological evaluation"

34. Article 8 Section 1(N) of the CBA addresses the protocol with respect to obtaining the required medical/psychological evaluation.

35. In violation of the above provision, DTA unlawfully terminated Loconto's employment.

## COUNT ONE
## AGE DISCRIMINATION – (M.G.L. c. 151B § 4(1))

36. Plaintiff realleges and incorporates by reference paragraphs 1-36 of this Complaint as if fully stated herein.

37. By assigning a greater volume of cases with inherent higher complexity to Loconto as opposed to the younger employees, DTA treated Loconto differently than the younger employees, thereby discriminating against him on the basis of his age.

38. Further, DTA has not articulated a legitimate reason for the above-described discriminatory actions that eventually resulted in Loconto's termination.

39. DTA's adverse actions leading up to his termination were also pretextual and constitute unlawful discrimination on the basis of age in violation of M.G.L. c. 151B § 4(1) and/or other applicable employment-related laws and/or regulations.

40. As the direct and proximate cause of Defendant's conduct, Plaintiff suffered damages.

## COUNT TWO
## AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT – 29 U.S.C. § 621 et seq.

41. Plaintiff realleges and incorporates by reference paragraphs 1-40 of this Complaint as if fully stated herein.

42. By assigning a greater volume of cases with inherent higher complexity to Loconto as opposed to the younger employees, DTA treated Loconto differently than the younger employees, thereby discriminating against him on the basis of his age.

43. Further, DTA has not articulated a legitimate reason for the above-described discriminatory actions that eventually resulted in Loconto's termination.

44. DTA's adverse actions leading up to his termination were also pretextual and constitute unlawful discrimination on the basis of age in violation of Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") and/or other applicable employment-related laws and/or regulations.

45. As the direct and proximate cause of Defendant's conduct, Plaintiff suffered damages.

## COUNT THREE: RETALIATION

46. Plaintiff realleges and incorporates by reference pars. 1-45 of this Complaint.

47. Plaintiff participated in protected activities.

48. Sometime in 2017 Loconto became a union steward of Employees International Union, Local 509 Union.

49. In that capacity, he participated in an advocacy role in his alert to DTA management of age-based disparate treatment by DTA of at least two of Loconto's coworkers who were subjected to disparate treatment which adversely affected their employment.

50. Defendant had actual knowledge of plaintiff's participation in protected activities.

51. Defendant retaliated against the plaintiff by, inter alia, subjecting him to unfair and unjustified treatment, isolation, discipline, hostility, and discharge.

52. Defendant's unlawful conduct violates both ADEA and M.G.L. c. 151B.

53. As the direct and proximate cause of Defendant's conduct, Plaintiff suffered damages.

## COUNT THREE: BREACH OF CONTRACT

54. Plaintiff realleges and incorporates by reference pars. 1-49 of this Complaint.

55. Loconto's terms of employment were subject to certain rules and regulations as stated in CBA.

56. Loconto has always been in compliance with his obligations under the employment

contract with DTA.

57. By pretextually and in bad faith declaring Loconto to be unfit for duty, and failing to act in compliance with Article 8, Section 1 (N) of the CBA, DTA breached the employment contract.

58. Loconto suffered damages as a result of the aforementioned breach.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff hereby prays that this Honorable Court award him the following relief:

1. Compensatory damages;

2. Punitive Damages;

3. Prejudgment and post-judgment interest;

4. Attorney's fees;

5. Costs of this action; and

6. Such further relief as this Court deems fair and just.

**JURY DEMAND**

Plaintiff demands a TRIAL BY JURY on each claim and issue so triable.


Dated: April 14, 2020

/s/Gregg S. Tarayan
Attorney for Plaintiff
Gregg S. Tarayan, Esq.
BBO# 674885
60 Island Street
Lawrence, MA 01840
(978) 566-9153
gtarayan@gmail.com

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

ATTACHMENT 2

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Loconto

**DEFENDANTS**
Massachusetts Department of Transitional Assistance

(b) County of Residence of First Listed Plaintiff: **Worcester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Suffolk**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Gregg S. Tarayan, 60 Island Street, Lawrence, MA 01840; 978-566-9153

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
"Age Discrimination in Employment Act, Retaliation in Employment, and Breach of Contract

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/14/2020

SIGNATURE OF ATTORNEY OF RECORD: *Gregg Tarayan* (Digitally signed by Gregg Tarayan, DN: cn=Gregg Tarayan, o=Gregg S. Tarayan Attorney at Law, ou, email=gtarayan@gmail.com, c=US Date: 2020.04.14 14:09:56 -04'00')

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ATTACHMENT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Michael Loconto v. Department of Transitional Assistance

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 400, 410, 441, 535, 830*, 835*, 850, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   ☐ III. 120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☑   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☑   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Gregg S. Tarayan
ADDRESS 60 Island Street, Lawrence, MA 01840
TELEPHONE NO. 978-566-9153

(CategoryForm9-2018.wpd )